JOHN L. SWANSON ET AL.

v.

CANUTE R. MATSON, FOR USE, ETC.

*Capias—Habeas Corpus—Bail—Forfeiture—Chap. 28 R. S.—Failure to Set out Judgment in Action on Bond.*

1. A person in custody under final process in a civil case can not be set at liberty temporarily on any form of security except under the act concerning insolvents.

2. An order of court to the sheriff to take bail prohibited by the statute does not make it valid or give the party sought to be benefited any remedy upon the same.

[Opinion filed April 3, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Swanson v. Matson.

Messrs. CONDEE & ROSE, for appellants.

Messrs. A. C. and F. W. STORY, for appellees.

GARY, J.    One Bodelson, being in jail under a *ca. sa.* issued from the Circuit Court at the suit of Carlson, for whose use this suit is brought, applied by petition to one of the judges of that court for a writ of *habeas corpus.*    The judge ordered that the writ issue, and that the sheriff take bail of Bodelson to appear three days thereafter.    After many postponements the bail was forfeited for his non-appearance.    This suit is brought to recover the amount for the collection of which the *ca. sa.* issued.

It is a sufficient ground for the reversal of this judgment that the judgment of Carlson against Bodelson, the loss of the means of collecting which, is the damage to be compensated, if any can be in this case, is not set out in the declaration. But the bond is itself void.    There is no statute or common law for setting at liberty, temporarily, on any form of security, one in custody under final process in a civil case, except under the act concerning insolvents.    The statute 23, H. 6 C. 9, recited in Bacon Ab., Sheriff O, is in force here.    Chap. 28 R. S.    The decision under that statute, that all bonds taken by the sheriff from a prisoner in his custody, except such as the statute authorizes, are void, are very numerous.    See Bacon, cited above; Sullivan v. Alexander, 19 Johnson, 233.

A court can not make laws to fit every fancied inconvenience that may present itself.    An order to the sheriff to take such bail as the statute prohibits, does not make that bail valid, and give the party for whom it was intended as a security, any remedy upon it.

So the directions of the court to the sheriff to take the bond sued upon, though made upon a petition for *habeas corpus,* gives no right of action upon the bond.

*Judgment reversed.*